IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| PATRICIA E. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NATIONWIDE MUTUAL FIRE | ) |
| INSURANCE COMPANY, | )   Civil Action No. 3:14CV819–HEH |
| | ) |
| and | ) |
| | ) |
| B.X.J., an Infant, who sues through | ) |
| LACHELLE D. GATES, | ) |
| his Mother and Next Friend, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on a Motion to Remand, filed by Plaintiff Patricia

E. Smith ("Smith") on January 7, 2015 (ECF No. 4), and a Motion to Realign the Parties,

filed by Defendant Nationwide Mutual Fire Insurance Company ("Nationwide") on

January 13, 2015 (ECF No. 6). The pending motions are ripe for disposition,[1] and the

Court will dispense with oral argument, pursuant to E.D. Va. Loc. Civ. R. 7(J), finding it

unnecessary to aid in the decisional process, as the matters before the Court have been

adequately briefed. For the reasons that follow, the Court will deny the Motion to

Remand and grant the Motion to Realign the Parties.

---

[1] Nationwide filed a Memorandum in Opposition to Smith's Motion to Remand on January 20, 2015 (ECF No. 4.), to which Smith did not file a reply, and the time within which to reply has expired. *See* E.D. Va. Loc. Civ. R. 7(F)(1). Smith, likewise, failed to file any brief responsive to Nationwide's Motion to Realign the Parties, and the time within which to do so has also expired. *Id.* B.X.J. has not responded to either motion, and the prescribed period within which to file those responsive briefs has expired. *Id.*

## I.  BACKGROUND

This is a declaratory judgment action, originating in the Circuit Court for the City of Petersburg.  (Notice of Removal, Attachment 1 ("Compl."), ECF No. 1-1.)  The case evolves from an underlying tort suit for injuries and damages that B.X.J., an infant, allegedly suffered resulting from exposure to lead-based paint at a property owned by Smith, and leased by the family of B.X.J.  (*Id.* ¶ 1.)  Smith seeks a declaration that Nationwide is obligated, pursuant to an insurance policy issued to Smith by Nationwide, to provide liability coverage and a defense to Smith in the underlying tort action.[2]  (*Id.*) In addition to Nationwide, Smith named as a party-defendant "B.X.J., an Infant, who sues through Lachelle D. Gates, his Mother and Next Friend" (hereinafter, "B.X.J").  (*Id.*)

Nationwide removed the matter to this Court on December 9, 2014.  (Notice of Removal, ECF No. 1.)  Smith timely moved to remand the case, asserting that Nationwide's removal is statutorily prohibited, or otherwise defective.  Thereafter, Nationwide moved to realign B.X.J. as a party-plaintiff, arguing that Smith and B.X.J. share a common interest in the present litigation.  Because the merit of Smith's arguments in her Motion to Remand depends upon B.X.J.'s status as a proper party-defendant, the Court must evaluate Nationwide's Motion to Realign the Parties first.

## II.  DISCUSSION

A.    **Motion to Realign the Parties**

Nationwide removed this matter, asserting the existence of diversity jurisdiction. As the party seeking removal, Nationwide bears the burden of establishing federal

---

[2] Smith also seeks reformation of the insurance contract with Nationwide based on the parties' mutual mistake in omitting personal liability coverage for the premises at issue. (Compl. ¶¶ 10–17.)

jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). As applicable here, 28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). Diversity must be complete "such that the state of citizenship of each plaintiff must be different from that of each defendant" at the time an action commences. *Athena Automotive, Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999).

Nationwide is a corporation formed under the laws of Ohio and also has its principal place of business in Ohio. (Notice of Removal ¶ 1.) Smith and B.X.J., both natural persons, are citizens of Virginia. (*Id.*) In its Notice of Removal, Nationwide asserted that complete diversity exists, despite Smith and B.X.J. sharing common citizenship, because their interests in the dispute are aligned. (*Id.*) For this same reason, Nationwide now requests that this Court realign B.X.J. as a party-plaintiff.

In determining whether to realign parties, the Fourth Circuit applies the "principal purpose" test. *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 337 (4th Cir. 2008) (citing *United States Fid. & Guar. Co. v. A & S Mfg. Co.*, 48 F.3d 131, 132–33 (4th Cir. 1995)). "First, we determine the primary issue in controversy, and then we align the parties according to their positions with respect to the primary issue." *Id.* The primary issue in controversy is determined by the plaintiff's principal purpose for filing its suit. *Palisades Collections*, 552 F.3d at 337. Antagonism between parties is resolved by the pleadings and the nature of the controversy. *United States Fid. & Guar.*, 48 F.3d at 134;

3

*see also Smith v. Sperling*, 354 U.S. 91, 97 (1957). If the alignment of the parties differs from that in the complaint, the Court must ensure that complete diversity continues to exist. *United States Fid. & Guar.*, 48 F.3d at 133.

Smith's primary purpose in filing the present case is to obtain a declaration that Nationwide is obligated to provide liability coverage and a defense to the injuries and damages alleged by B.X.J. to have resulted from lead-based paint exposure at Smith's Nationwide-insured property. Any dispute between Smith and B.X.J. in the underlying tort action is secondary to the present coverage dispute, and it appears to the Court that both Smith and B.X.J. would benefit from a declaration in Smith's favor.

Moreover, in a prior state court proceeding, Smith and B.X.J. represented in a jointly filed pleading that "Smith's interests are aligned with Infant Plaintiff's interests in seeking insurance coverage and reformation of the insurance contract against Nationwide."[3] (Second Joint Mot. to Amend Mot. for Decl. J., *B.X.J. v. Nationwide, et al.*, No. 730CL14000135-00 (Petersburg Cir. Ct., May 27, 2014), Nationwide Mem. in Support of Mot. to Realign, Ex. A ¶ 10, ECF No. 7-1.) As Smith and B.X.J. previously

---

[3] It appears B.X.J. initiated an action in the Circuit Court for the City of Petersburg, Virginia, seeking a declaration that Nationwide provide liability coverage to Smith for B.X.J.'s alleged injuries. *See B.X.J. v. Nationwide, et al.*, No. 730CL14000135-00 (Petersburg Cir. Ct., filed Feb. 21, 2014); *see also* (Nationwide Mem. in Support of Mot. to Realign 2–3, Ex. A at 1–9, ECF Nos. 7, 7-1.). In addition to Nationwide, B.X.J. named Smith as a defendant in that case. (*Id.*) Subsequently, B.X.J. and Smith jointly moved to amend B.X.J.'s Motion for Declaratory Judgment to realign Smith as a party-plaintiff, which the state court granted. (Order, *B.X.J. v. Nationwide, et al.*, No. 730CL14000135-00 (Petersburg Cir. Ct., June 2, 2014), Nationwide Mem. in Support of Mot. to Realign, Ex. A at 12, ECF No. 7-1.) It appears the state court declaratory judgment action was nonsuited on June 27, 2014. (Nationwide Mem. in Support of Mot. to Realign 2.); *see also* Virginia Courts Case Information, Circuit Court Case Information, http://ewsocis1.courts.state.va.us/CJISWeb/circuit.jsp (select "Petersburg Circuit Court"; click "Begin"; select Division: "Civil"; insert Case Number: "CL14000135-00"; click "Case Number Inquiry"; click "Pleadings/Orders") (last accessed Jan. 26, 2015).

admitted, "Nationwide is the only party that has an interest in proving that the property was not covered by Smith's Nationwide insurance policy." (*Id.* at ¶ 8.)

Because B.X.J.'s interest is the same as that of Plaintiff Smith, B.X.J. is more properly aligned as party-plaintiff, rather than a defendant, in the present matter. Aligning B.X.J. as a plaintiff, the Court is satisfied that it retains jurisdiction, as complete diversity exists and the amount in controversy exceeds the $75,000.00 threshold.

**B.     Motion to Remand**

Smith's Motion to Remand asserts that 28 U.S.C. § 1441(b)(2)[4] prohibits removal of this matter, and alternatively, that Nationwide's removal is defective under 28 U.S.C. § 1446(b)(2)(A).  With respect to civil actions removed solely on the basis of diversity jurisdiction, such as the present matter, the removal statutes provide that such cases "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).  And when a case is removed based on diversity jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

Smith argues that removal is prohibited because B.X.J is a citizen of Virginia, the state in which the matter was brought, and even if removal is not prohibited by 28 U.S.C. § 1441, Nationwide's removal is defective because B.X.J. did not consent to the removal and the time within which to do so has expired.  Both of Smith's arguments require that

---

[4] The Court has inserted the correct statutory reference, as Smith relies upon the text of 28 U.S.C. § 1441(b)(2), but cited to 28 U.S.C. § 1446(b)(2).

B.X.J. be properly joined and served as a defendant. Because this Court has determined that B.X.J. was not properly joined as a defendant and should be realigned as a party-plaintiff in this matter, Smith's arguments in support of remand are without merit.

## III.  CONCLUSION

For the reasons stated herein, Smith's Motion to Remand will be denied, and Nationwide's Motion to Realign the Parties will be granted.

An appropriate order will accompany this Memorandum Opinion.

                                            /s/
                                    Henry E. Hudson
                                    United States District Judge

Date: Jan. 27, 2015
Richmond, Virginia